JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

June 9, 2020

**VIA EMAIL**

Hon. Lorna G. Schofield
United States District Judge
U. S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re: *Cuturic v. The Jade Farm LLC et al*
         Index No. 20 cv 3363

Dear Judge Schofield:

  The parties submit this joint letter in advance of the Initial Conference scheduled in this matter for June 18, 2020 pursuant to the Court's Order, filed May 11, 2020. (ECF No. 7). For purposes of the conference, the parties direct the Court to a conference line with a dial in number of (646) 876-9923, PIN-3973473519#.

  **A. Statement of the Nature of the Action & Principal Defenses**

<u>Plaintiff</u>
  Plaintiff Admir Cuturic was employed by Defendants as a server at the Jue Lan Club from mid-2016 until December 2019. Plaintiff brings wage and hour claims under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) on behalf of himself, a putative FLSA collective and Rule 23 Class. Plaintiff claims that: (A) Defendants required him to share tips with management, in violation of NYLL and the FLSA; (B) Defendants paid him less than the full minimum wage, without giving him proper notice of the tip credit, in violation of the NYLL; (C) Defendants paid him the wrong overtime rate when he worked overtime, in violation of the FLSA and NYLL; (D) Defendants always deducted a one-hour break from any double shift that Plaintiff worked, even though he did not take a one hour break. In weeks when Plaintiff worked more than 40 hours, the unpaid time should have been paid at Plaintiff's overtime rate; and (E) Defendants did not give him proper notice forms at the beginning of his employment, and his paystubs did not properly note include information about the tip credit that Defendants were applying against his pay, in violation of the NYLL.

Plaintiff also brings a disability discrimination claim under New York City's Human Rights Law, claiming that he was terminated immediately after informing Defendants that he could not wear high-top sneakers because of an ankle injury/condition he suffered.

<u>Defendants</u>
Defendants Deny each and every allegation made by the Plaintiff in the complaint. Furthermore (A) Defendants never required him to share tips with management, in accordance with NYLL and the FLSA; (B) Defendants always paid him the full minimum wage, with giving him proper notice of the tip credit, in compliance with NYLL; (C) Defendants paid him overtime rate when he worked overtime, in accordance with the FLSA and NYLL; (D) Defendants never deducted a one-hour break from any double shift that Plaintiff worked, unless he took a one hour break.  (E) Defendants did give him proper notice forms at the beginning of his employment, and his paystubs do properly note include information about the tip credit that Defendants were applying against his pay, in accordance with the NYLL.

Furthermore, Defendant's deny Plaintiff's alleged injury, and restrictions from wearing High Top sneakers. Plaintiff had consistently stated that he did want to wear the sneakers because he believed they were ugly. It is believed that this law suit is strictly made out of retaliation and has no basis in law and or equity.

### B. Explanation for Jurisdiction and Venue

This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FMLA. This Court has supplemental jurisdiction over the New York state law claims brought under the NYCHRL, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

### C. Brief Description of Any Outstanding Motion

There are currently no outstanding motions.

### D. Brief Description of Discovery

The parties intend to serve written discovery within 30 days and will take depositions at some point following the service of responses to written discovery.  The parties expect discovery to conclude in early November.

### E. Computation of Damages

| Year | Hours Worked | Tip Credit Applied per Hour | Tip Credit Owed in Period | One unpaid Hour at Full Minimum Wage *50 Weeks | Total Per Year | Liquidated | NYLL 195(1) and 195 (3) Penalties |
|---|---|---|---|---|---|---|---|
| 2016 | 1750 | $1.50 | $2,625.00 | $468.00 | $3,093.00 | $3,093.00 | |
| 2017 | 1750 | $3.50 | $6,125.00 | $572.00 | $6,697.00 | $6,697.00 | |
| 2018 | 1750 | $4.35 | $7,612.50 | $676.00 | $8,288.50 | $8,288.50 | |
| 2019 | 1750 | $5.00 | $8,750.00 | $780.00 | $9,530.00 | $9,530.00 | $10,000.00 |
| | | | | | | | |
| | | | | | | | |
| Lost Wages-Tip Credit/Liquidated: | | $65,217.00 | | | | | |
| Wrongful Termination Emotional Distress to be determined at trial, but at least: | | $50,000 | | | | | |
| Wrongful Termination Lost Wages to be determined at trial, but at least: | | 30,000 | | | | | |
| **Total:** | | **$145,217** | | | | | |

Attorneys' Fees and punitive damages to be determined at trial.

### F. Status of Settlement Discussions

The Parties discussed settlement before this action was commenced, and the discussions were not fruitful.

We thank the Court for its consideration of this matter.

Respectfully submitted,

July 9, 2020

| JOSEPH & KIRSCHENBAUM LLP | Blyer & Kurland PC. |
|---|---|
| */s/ D. Maimon Kirschenbaum* <br> D. Maimon Kirschenbaum <br><br> 32 Broadway, Suite 601 <br> New York, NY 10004 <br> (212) 688-5640 | */s/ Andrew Staulcup* <br> Andrew Staulcup <br><br> 390 N Broadway Suite 200 <br> Jericho NY 11753 <br> 516-354-5666 |

4

| *Attorneys for Plaintiff* | |