# ANDREW K STAULCUP PC.

390 N BROADWAY 3RD FL  
JERICHO, NY 11753

(631) 434-1900

Facsimile (631) 486-5067

Hon. Robert W. Lehrburger  
United States Magistrate Judge  
U. S. District Court for the Southern District of New York 500 Pearl St., New York, NY 10007

**Re: *Cuturic v. The Jade Farm LLC, et al.*, Case No. 20-cv-3363 – Letter Seeking a Pre-Motion Conference for Proposed Discovery Motion**

Dear Judge Lehrburger:

We represent the Defendants in the above referenced matter. We write pursuant to Local Rule 37.2 and your Honor's Individual Rule II(D) to request a conference regarding the outstanding discovery issues in this case and Defendants' request for an order requiring Plaintiff to produce the discovery issues identified herein and for an order increasing the amount of interrogatories under Rule 33 a. and compel the Plaintiff to answer the interrogatories and documents requests.

## Background

Plaintiff was employed by the Defendants at the Jue Lan Club (the "Club") in New York City. Plaintiff proports to alleged various claims, on behalf of himself and similarly situated individuals, under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including claims for (1) unpaid overtime wages in violation of 29 U.S.C. § 207 and N.Y. Lab. L. §§ 650 *et seq.*, (2) unlawful deductions from tips in violation of 29 U.S.C. § 203(m) and N.Y. Lab. L. § 196- d; (3) unpaid minimum wage compensation under N.Y. Lab. L. §§ 650 *et seq.*; and (4) inadequate wage notices and statements pursuant to N.Y. Lab. Law § 195(1), (3). In addition, Plaintiff proports to alleges that he was unlawfully terminated due to a disability of his right ankle that he claims this disability restricts footwear that he can wear.

On September 30, 2020 Defendant served his initial Requests for the Production of Documents and Interrogatories on the Plaintiffs. It must be noted that Defendant did serve more that 25 interrogatories on the plaintiff in excess of Rule 33 (Exhibit A). Due to the injury and disability that the plaintiff's claim to have Defendants' are in need of pertinent information which was discussed with the court on our conference call. On October 27, 2020, Plaintiff served their responses to these requests (attached as Exhibit B) and their document production on Plaintiff. On November 24, 2020, the parties met and conferred via telephone in order to resolve the disputed discovery issues that both parties have. The parties were unable to resolve these disputes, and Defendant now respectfully seeks an order from the Court requiring Plaintiff to produce the discovery outlined below. It must be noted that Plaintiff has agreed to the production of medical records to what extent that is unknown

## Discovery Deficiencies

In response to Defendants' Interrogatories, Numbered 10, 11 12,13,14,15,16 which specifically address the injury and the claim of the purported disability claimed by the plaintiff to

have. The Plaintiff gives a general response "Plaintiff objects to this Interrogatory on the ground that it seeks information beyond the scope of that permitted under Local Civil Rule 33.3. Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence"

We specifically would like to draw the Courts attention to in interrogatory 13, which states "State the Plaintiff's Disability as claimed in paragraph 43 of the complaint." In Response to this interrogatory Plaintiff response "Plaintiff objects to this Interrogatory on the ground that it seeks information beyond the scope of that permitted under Local Civil Rule 33.3"

The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. *Engl v. Aetna Life Ins. Co.* (C.C.A.2d, 1943) 139 F.(2d) 469; *Mahler v. Pennsylvania R. Co.* (E.D.N.Y. 1945) 8 Fed.Rules Serv. 33.351. The scope of discovery is broad but it is not without limits, Republic of Ecuador v. Mackay, 742 F.3d 860, 866 (9th Cir. 2014) (citing Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993)), and the Court is vested with broad discretion to manage discovery, Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), cert. denied, 134 S.Ct. 117; Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.".

Fed. R. Civ. P. 26(b)(1) describes the scope of, and limitations on, discovery in civil litigation:

In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

"Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. 340, 351 (1978); Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"). This Court has held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." Apicella v. McNeil Labs, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In Apicella, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." Id

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).

Rule 33 limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories. . . ." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33. In our case due to the additional claim which according to the Plaintiff's discloser thus far represents the majority of the damages the plaintiff claims to have, the Defendants are in need of more information surrounding his injuries.

As for Documents requested, Defendant would point the court to Documented request .21 and Plaintiff's response.

21. "As a result to the injury of his ankle as stated in paragraph 39 of the complaint" Duly executed HIPPA compliant authorizations for each medical provider and facility, permitting Defendants attorneys to obtain full and complete copies of all reports, records, operative admission and nursing/anesthesia notes photos, diagnostic images, and pathology reports, from any treatment provider(s). All such authorizations must be HIPPA compliant and must specify the name of this firm as defendant' attorney to obtain the copies of the authorization.

**Response:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, oppressive, and an invasion of privacy. Plaintiff further objects to this Request on the ground that it is disproportionate to the needs of the case. Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will not produce the executed authorizations requested.

The Plaintiff is claiming a disability but clearly trying to hinder the Defense of this case, even after the initial conference with the court concerning the issue around the medical records in this matter.

For the foregoing reasons, we respectfully request a conference with the Court to discuss the above issues and request that the Court issue an order permitting the Defendant to serve additional interrogatories requiring Plaintiff to produce all of the outstanding discovery identified herein.

Dated: Jericho, New York

December 9, 2020

                            ANDREW K. STAULCUP PC

By: _____
                            Andrew K. Staulcup, Esq.
                            Attorneys for Defendants
                            390 N. Broadway, Suite 300
                            Jericho, New York 11753
                            (631) 434-1900